**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1101 THOMAS P. ONEILL, JR., FEDERAL BUILDING
10 CAUSEWAY STREET
BOSTON, MASSACHUSETTS 0222-1074

**JAMES M. LYNCH**
CLERK

(617)565-6051
FAX (617)565-6087



FILED IN CLERK'S OFFICE

WORCESTER OFFICE
595 MAIN STREET
WORCESTER, MA 01608-2076
(508)793-0518
FAX (508)793-0540

U.S. DISTRICT COURT
DISTRICT OF MASS.

7/8/04

United States District Court
District of Massachusetts
Harold D. Donohue Federal Building & Courthouse
595 Main Street
Worcester, MA 01608

Attention: D. Shattuck
Bankruptcy Case/Adversary Preceeding In Re: 04-41076
Bankruptcy Case/Adversary Preceeding In Number:

The following documents are being transmitted to your Court:

- ☑ Motion To Withdraw Reference
- ☐ Proposed Order Or Judgement
- ☐ Proceeding With Jury Claim Or Demand
- ☐ Supplementary Memorandum of Decision on Remand and Supplementary Order on Remand
- ☐ Other

Enclosed you will find photocopies of the original papers.

**Please acknowledge receipt of these documents by signing the copy of this letter and returning it to this office for filing.**

- ○ United States Bankruptcy Court
  1101 O'Neill Federal Building
  10 Causeway Street
  Boston, MA 02222-1074

- ● United States Bankruptcy Court
  211 Donohue Federal Building
  595 Main Street
  Worcester, MA 01608-2076

Date: 7/8/04

James M. Lynch
Clerk, U.S. Bankruptcy Court

By the Court,

David Corchado
Deputy Clerk
(508) 770-8905

Receipt is acknowledged of the enclosures referred to above and the proceeding has been assigned our number:

**04-40128**

Date: 7-8-04

By: Kathy Hassett

04-40128

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
BOSTON TOMATO & PACKAGING, LLC.,
GREGG DZIAMA, INC. and
GARDEN FRESH SALAD CO., INC.

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
SEBASTIAN SERRA
JULIA SERRA

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BBO# 551744
(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel R. Deutsch, Esq.   Andrew Osborne, Esq.
Deutsch Williams            Osborne & Visconti
99 Summer Street            21 Eastbrook Road
Boston, MA 02110            Dedham, MA 02026
617-951-2300

Attorneys (If Known)
Eric R. Jarosz, Esq.
124R Ballard Street
Saugus, MA 01906

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☒ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
AS TO ABOVE DEFENDANTS

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action to recover for goods sold by produce wholesaler pursuant to 7 U.S.C. sec 499(e)(4)..

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Lindsay, J.
DOCKET NUMBER 03CV11644RCL

DATE  July 1, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

04-40128

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2004 JUN 16 P 12: 35
BANKRUPTCY COURT
WORCESTER, MA.

In Re:  SEBASTIAN J. SERRA
        JULIA T. SERRA

Chapter 7
Case No. 04-41076-JBR

## MOTION OF CREDITORS,
## BOSTON TOMATO & PACKAGING, LLC, GREGG DZIAMA, INC.
## AND GARDEN FRESH SALAD CO., INC.
## FOR WITHDRAWAL OF ORDER OF REFERENCE
## PURSUANT TO 28 U.S.C. §157(d)

Boston Tomato & Packaging, LLC ("Boston Tomato"), Gregg Dziama, Inc. ("Dziama") and Garden Fresh Salad Co., Inc. ("Garden Fresh"), Creditors of Sebastian and Julia Serra, Debtors in the above-captioned bankruptcy case, hereby move pursuant to 28 U.S.C. §157(d) and Bankruptcy Rule 5011 that the Order of Reference from the U.S. District Court to the U.S. Bankruptcy Court arising under 28 U.S.C. §157(a) be withdrawn insofar as concerns the claims of the Creditors and any objection to the dischargeability of the Creditors' Claims.

In further support of the within Motion, the Creditors rely upon the Memorandum of Law In Support Of Motion Of Creditors, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc. For Withdrawal of Order of Reference, filed simultaneously herewith.

WHEREFORE, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc. respectfully request that the Court:

A.    Enter the proposed Order attached hereto granting the within motion of Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc.; and

B.  Grant such other and further relief as is just and proper.

Respectfully submitted,

BOSTON TOMATO & PACKAGING, LLC,
By its attorneys,

_____
Richard D. Bickelman/BBO# 042440
Daniel R. Deutsch/BBO# 551744
Deutsch Williams Brooks DeRensis & Holland, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300

GARDEN FRESH SALAD CO., INC.
AND GREGG DZIAMA, INC.

By their Attorneys,

Andrew M. Osborne/ BY _____
Andrew M. Osborne/ BBO#380455
OSBORNE & VISCONTI
20 Eastbrook Road
Dedham, MA 02026
781-326-9766

Date: June 15, 2004.

DWLIB 160373v1
6493/00

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN 16 P 12: 35

U.S. BANKRUPTCY COURT
WORCESTER, MA.

In Re:  SEBASTIAN J. SERRA
        JULIA T. SERRA

Chapter 7
Case No. 04-41076-JBR

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION OF CREDITORS,
BOSTON TOMATO & PACKAGING, LLC, GREGG DZIAMA, INC.
AND GARDEN FRESH SALAD CO., INC.,
FOR WITHDRAWAL OF ORDER OF REFERENCE
PURSUANT TO 28 U.S.C. §157(d)**

NOW COME Boston Tomato & Packaging, LLC ("Boston Tomato"), Gregg Dziama, Inc. ("Dziama") and Garden Fresh Salad Co., Inc. ("Garden Fresh"), creditors in the above-captioned bankruptcy case (collectively "Companies") and in support of the Motion of Creditors, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc., for Withdrawal of Order of Reference Pursuant to 28 U.S.C. §157(d), filed simultaneously herewith, submit the within Memorandum of Law.

I.   PROCEDURAL BACKGROUND

The Debtors, Sebastian and Julia Serra, are husband and wife. According to the records of the Secretary of the Commonwealth of Massachusetts, Debtor Sebastian Serra ("Serra") was the President, Treasurer, Clerk and sole Director of Superior Produce Distributors, Inc. ("Superior) and of S.J. Serra, Inc. ("SJ Serra"), until it was voluntarily dissolved on December 17, 2003. Serra also was a shareholder of Superior and SJ Serra. SJ Serra defaulted on its obligations to pay the Companies for produce purchased at wholesale from them. Superior has defaulted in its obligation to pay Garden Fresh for wholesale purchases of produce. The Companies are scheduled creditors of the Debtors.

In September and October 2003, the Companies filed civil actions, since consolidated under Civil Action No. 03-CV-11644-RCL, against Superior, SJ Serra, Sebastian and Julia Serra, Nicolo Serra, Damani, Inc. and the factors to Superior and SJ Serra, Alton Finance Company and Accord Enterprises, Inc. to recover invoiced and outstanding debts totaling approximately $147,000.00, plus interest, pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499(e)(c) ("PACA") and various common law theories ("the Litigation"). PACA automatically creates a trust in favor of an unpaid produce supplier and prohibits the dissipation of trust assets. PACA trust assets consist of unsold produce received from the beneficiaries, products derived from those goods, and all receivables and proceeds from the sale of those goods. See Hiller Cranberry v. Koplovsky, 165 F.3d 1 (1st Cir. 1999).

On March 2, 2004, the Debtors filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. A meeting of creditors pursuant to Section 341 of the Bankruptcy Code was conducted on April 8, 2004.

On April 26, 2004, the United States District Court established a schedule for discovery in the Litigation. Discovery is to occur in two phases. By August 28, 2004, the parties are to complete discovery concerning the existence of a PACA Trust and defenses the several defendants may have to the claims asserting liability based upon the existence and dissipation of the PACA Trust. A second phase of discovery will concern the tracing of assets of the defendants, including the Debtors. Phase I of the discovery implicates the parties' business transactions, payment history and communications; the Companies' allegations of fraud by Sebastian Serra in inducing the execution of an ostensible agreement to extend payment terms beyond those contemplated by PACA; and related matters. The parties in the District Court action are proceeding with discovery. Dziama and Garden Fresh served a Request for Production of Documents on April 8, 2004, the responses to which have not been received and are overdue. A Motion to Compel Production of Documents will shortly be filed with the District Court. Alton and Accord have served a set of interrogatories upon Dziama and Garden Fresh on June 1, 2004. Boston Tomato is preparing its own additional discovery requests.

The claims of Creditors against the Debtors arise in part out of their fiduciary duty under PACA to maintain the PACA Trust. Personal liability is imposed directly upon a shareholder and fiduciary for failure to maintain the PACA trust. <u>A.J. Produce Corp. v. CIT Group/Factoring, Inc.</u>, 829 F.Supp. 651 (S.D.N.Y. 1993) quoting <u>Okun v. Zimmerman</u>, 814 F.Supp. 346, 348 (S.D.N.Y. 1993) where it was said that "An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act". Zimmerman was held personally liable because he was the fiduciary and "controlled the day-to-day operations of the company". The liability of Julia Serra arises where she was one who had day-to-day control over the funds of Serra Foods. Designation as an officer and director is alone sufficient to show that the individual is "responsibly connected", 7. U.S.C. §499a(9)(B), and therefor liable for the defalcations of the corporate employer. <u>Pupillo v. United States</u>, 755 F.2d 638 (8th Cir. 1985). Proof of the fraud or defalcation as a fiduciary under PACA is largely the same proof which must be submitted to establish an objection to dischargeability under 7 U.S.C. §523(a)(4).

The PACA Trust assets are not part of a bankruptcy estate. <u>Tom Lange, Inc. v. Kornblum & Co., Inc.</u>, 81 F.3d (2nd Cir 1996); <u>In re: Ozcelik</u>, 267 B.R. 485 (Bankr. Ma 2001) Plaintiff is also entitled to trace the proceeds of the PACA Trust into the hands of third persons and to recover these proceeds. See <u>Mid-Valley Produce Corp. v. 4-XXX Produce Corp.</u>, 819 F. Supp 209 (E.D.N.Y. 1993), decision on summary judgment and <u>Ibid</u>. 833 F.Supp 193, decision after trial. This includes funds paid to shareholders, <u>Lyng v. Pellegrino</u>, 694 F.Supp 976 (D.Mass. 1988), and secured creditors <u>Albee Tomato, Inc. v A.B. Shalom Produce Corp.</u>, 155 F.3d 612 (2nd Cir. 1998) and <u>Consumers Produce Co. v. Volante Wholesale Produce, Inc.</u>, 16 F.3d 1374, 1378 (3rd Cir. 1994).

The Defendants primary defense in the District Court is the proposition that each Creditor executed a written agreement for terms of greater than 30 days rendering the Creditor ineligible for the PACA trust rights. 7 C.F.R. § 46.46(e)(2). The Plaintiffs claim that any writing was obtained by fraud on the part of Sebastian Serra, acting for himself and others. The evidence

3

central to proof of fraud and false representations in connection with obtaining the writing is the same evidence pertinent to the question of dischargeability under 7 U.S.C. §523(a)(2).

Evidence relevant to the significance and enforceability of the writings procured by Sebastian Serra is inextricably tied up with evidence relevant to the many other issues in the case, including the dissipation of PACA Trust assets. The communications among the Defendants and circumstances surrounding procurement of the waivers, the Serra defendants' financing arrangements with Alton and Accord and others, the financial condition of Superior and SJ Serra and their business with other PACA sellers, and the existence of debts and payments to the Plaintiffs all are relevant to the question whether the waivers were procured by fraud or are voidable for failure of consideration. It is possible and perhaps likely that the evidence will show that the Defendants' willful and ongoing dissipation of PACA trust assets made it impossible to make full payment promptly. The financing terms and agreement with the factoring Defendants and the actual behavior of the parties may have had the same effect. The knowledge of the factoring Defendants, and the role of the factoring Defendants in a breach of the Serra defendants' PACA duties, is pertinent to the issue of the fraudulent inducement to execute the waivers.

These issues must be tried in the District Court as to all the non-Debtor Defendants whether or not the Debtors are included. Once a decision is made as to the existence of the PACA Trust for the benefit of Creditors, Creditors will have the right to pursue the claims for imposition of liability upon the Debtors for fraud, for breach of their fiduciary duty in failing to maintain/dissipating the PACA Trust and as recipients of PACA Trust assets. The determination of whether the Creditors' claims against the Debtors are dischargeable and whether Debtors are recipients of PACA Trust assets will involve presentation of nearly identical evidence as must be presented in the District Court.

II.    LEGAL ARGUMENT

Fed. R. Bankr. P. 5011 requires that any motion for withdrawal of the order of reference arising under 28 U.S.C. §157 be filed with the Bankruptcy Court. Withdrawal is permissive for

4

cause shown and is mandatory, "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce". 28 U.S.C. §157(d). Creditors assert that withdrawal is both permitted and mandatory.

In considering whether to grant permissive withdrawal the court considers whether withdrawal (1) will promote uniformity of bankruptcy administration; (2) will reduce forum shopping and confusion; (3) will foster the economical use of debtors' and creditors' resources; (4) will expedite the bankruptcy process; and (5) whether a right to jury trial, triable only in the district court exists. Collier on Bankruptcy §5011.01[1][b]. On balance, it is proper and appropriate that the Court exercise its discretion to withdraw the reference.

(1)  The issues of the liability of an individual as a fiduciary under PACA and as a recipient of PACA Trust assets has arisen and is likely to arise repeatedly. These issues and that of the claims of fraud exist now in the bankruptcy case of the Debtors and in the District Court action. Where identical issues arising out of the same factual nexus must be tried in separate courts, there is the risk of inconsistent decisions.

(2)  While the Debtors have not so stated, it is apparent that the purpose of the bankruptcy filing was to escape the potential liability arising under PACA in the District Court action. While permissible such forum shopping imposes significant costs on all parties requiring duplicative efforts in different courts.

(3)  Inasmuch as the issues and evidence in the District Court, which must be presented whether or not the Debtors are formal parties, are substantially identical to those to be tried in a Bankruptcy Court dischargeability proceeding, and the Debtors as principals of some of the corporate defendants in the District Court action must actually participate in the discovery and evidentiary portions of the proceedings, it appears that two actions will be almost completely duplicative. This is a poor use of the parties and Courts' resources.

5

(4) The bankruptcy process is likely to be expedited. There will be a single forum for adjudicating evidentiary disputes and the complex evidentiary issues arising in this case. The District Court has already entered a Scheduling Order governing discovery.

(5) While the issues triable in the District Court were susceptible of a trial by jury, no such demand was made by any party.

Indeed, withdrawal of the order of reference is mandatory in this case. The essential issues arise in connection with PACA, one of the "other laws of the United States regulating organizations or activities affecting interstate commerce". It is under this statute that the Debtors' personal liability arises. Thus, adjudication requires the "substantial and material consideration" of non-title 11 issues. Matter of Vicars Insurance Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). At least one issue in the present case has the characteristic of requiring more than mere application of existing law. Ibid at 954. That is the effect of fraudulent inducement in obtaining the execution of a writing in the PACA context. It also could be said that the extent of the personal liability of Mrs. Serra, not a corporate officer or director according to the public records, as the recipient of PACA Trust assets is not clearly defined. A third issue to be determined is whether the writing signed by an alleged predecessor in interest to Garden Fresh can, all other issues aside, effect a waiver of the PACA Trust rights of Garden Fresh. The deciding court also must deal with assets which are not part of the bankruptcy estate.

III. Conclusion-All Cases

Under either provision of 28 U.S.C. §157(d) withdrawal of the order of reference of Creditors' claims and any objection to the dischargeability of the Creditors' Claims. is warranted. Permissive withdrawal is appropriate since the relevant factors weigh heavily in favor of having a single adjudication of rights and claims arising out of a single set of facts involving the Debtors and non-debtor parties. Withdrawal is mandatory in that the outcome of the case is dependent upon the substantial and material consideration and interpretation of non-

6

title 11 law of the United States.

                                      Respectfully submitted,

                                      BOSTON TOMATO & PACKAGING, LLC,
                                      By its attorneys,

                                      Richard D. Bickelman/BBO# 042440
                                      Daniel R. Deutsch/BBO# 551744
                                      DEUTSCH WILLIAMS BROOKS DERENSIS &
                                      HOLLAND, P.C.
                                      99 Summer Street
                                      Boston, MA 02110-1213
                                      (617) 951-2300

                                      GARDEN FRESH SALAD CO., INC.
                                      AND GREGG DZIAMA, INC.

                                      By their Attorneys,

                                      Andrew M. Osborne/ BBO#380455
                                      OSBORNE & VISCONTI
                                      20 Eastbrook Road
                                      Dedham, MA 02026
                                      781-326-9766

Date: June 15, 2004

DWLIB 160372v1
6493/00

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN 16  P 12: 35

U.S. BANKRUPTCY COURT
WORCESTER, MA.

In Re:  SEBASTIAN J. SERRA
        JULIA T. SERRA

Chapter 7
Case No. 04-41076-JBR

### CERTIFICATE OF SERVICE

I, Daniel R. Deutsch, hereby certify that on June 15, 2004, I mailed a copy of the following documents by first-class mail, postage prepaid to the individuals and/or entities on the annexed Service List:

1. Motion of Creditors, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc. for Withdrawal of Order of Reference Pursuant to 28 U.S.C. § 157(d); and

2. Memorandum of Law in Support of Motion of Creditors, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc., for Withdrawal of Order of Reference Pursuant to 28 U.S.C. § 157(d).

BOSTON TOMATO & PACKAGING, LLC,

By its attorneys,

Richard D. Bickelman/BBO# 042440
Daniel R. Deutsch/BBO# 551744
DEUTSCH WILLIAMS BROOKS
 DERENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300
ddeutsch@dwboston.com

Date: June 15, 2004.

## SERVICE LIST

**Stephan M. Rodolakis**
McCarthy, Pojan & Hurley, LLP
446 Main Street
21st Floor
Worcester, MA 01608
508-798-2480

**Michael Lushan**
496 Harvard Street
Brookline, MA 02446     representing     **General Motors Acceptance Corp.**
(617) 739-0700                                          *(Creditor)*
  *Assigned: 04/06/2004*

**Jay Paul Satin**
385 Broadway                                              **Julia T. Serra**
Revere, MA 02151     representing     56 Sarah J. Circle
(781) 289-2215                                              Haverhill, MA 01832
  *Assigned: 03/02/2004*                              *(Joint Debtor)*

                                                                       **Sebastian J. Serra**
                                                                       56 Sarah J. Circle
                                                                       Haverhill, MA 01832
                                                                       *(Debtor)*

**Julia T. Serra**
56 Sarah J. Circle
Haverhill, MA 01832
*(Joint Debtor)*

**Sebastian J. Serra**
56 Sarah J. Circle
Haverhill, MA 01832
*(Debtor)*

**Richard King**
Assistant U.S. Trustee
Office of U.S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

2

3

Eric R. Jarosz, Esq.
124R Ballard Street
Saugus, MA 01906

Lisa Read, Esq.
Cain Hibbard Myers & Cook
66 West Street
Pittsfield, MA 01201

DWLIB 158777v1
6493/00



**Deutsch | Williams**

99 Summer Street
Boston, MA 02110-1213
617.951.2300
617.951.2323 fax

FILED
IN CLERK'S OFFICE

**Daniel R. Deutsch**
ddeutsch@dwboston.com

2004 JUN 16  P 12: 35

U.S. BANKRUPTCY COURT
WORCESTER, MA.

June 15, 2004

Clerk
United States Bankruptcy Court
211 Harold D. Donohue Federal Bldg.
& Courthouse
595 Main Street
Worcester, MA 01608-2076

> **RE:** Sebastian J. Serra/Julia T. Serra -- Chapter 7:  Case No. 04-41076-JBR

Dear Sir/Madam:

Enclosed for filing and docketing in the above-referenced matter, please find:

1. Motion of Creditors, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc. for Withdrawal of Order of Reference Pursuant to 28 U.S.C. § 157(d); and

2. Memorandum of Law in Support of Motion of Creditors, Boston Tomato & Packaging, LLC, Gregg Dziama, Inc. and Garden Fresh Salad Co., Inc., for Withdrawal of Order of Reference Pursuant to 28 U.S.C. § 157(d).

Thank you for your assistance with this matter.

Very truly yours,

Daniel R. Deutsch

DRD/lsc
Enclosures

cc (with enclosures):  Service List
Andrew M. Osborne, Esq.
Boston Tomato & Packaging, LLC
ATTN:  Robert Nano

---

DEUTSCH | WILLIAMS | BROOKS | DERENSIS & HOLLAND, P.C.   *Attorneys at Law*